IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. **1:08cr43** |
| | ) | |
| v. | ) | Judge: **Hon. Claude M. Hilton** |
| | ) | |
| **MARSHALL ANTONIO MONROE,** | ) | Resentencing Date: **Nov 19, 2010** |
| | ) | |
| **JAMES EDWARD TYER,** | ) | |
| | ) | |
| **CHRISTOPHER RONDELL ROGERS,** | ) | |
| | ) | |
| Defendants | ) | |

## GOVERNMENT'S POSITION WITH RESPECT TO RESENTENCING

COMES NOW the United States of America, by and through its counsel, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Michael E. Rich, Assistant United States Attorney, and Tino M. Lisella, Special Assistant United States Attorney, and states as follows:

### Background

1.     At sentencing the Court found Monroe's advisory guidelines range was 63-78 months, Tyer's was 78-97 months and Rogers' was 97-121 months.  Counsel for Monroe and Tyer each argued for a sentence at the low end of the guidelines range. Rogers' counsel argued that his guidelines range should be 41-51 months and argued that he should be sentenced at the low end of that range.

2.     In his position on sentencing, with respect to the § 3553(a) factors, Monroe pointed out that the robbers used

unloaded weapons and no victims sustained serious injury.  At
sentencing Monroe's counsel further argued that little money was
stolen, that Monroe had a "catastrophic upbringing," that he was
young and relatively new to the criminal justice system.  Tyer's
attorney also noted his client's youth and the fact that even the
low end of the guidelines range would result in a significant
period of incarceration.  Besides objecting to the guidelines
range and asking for a sentence at the low end of the range,
Rogers' counsel noted his youth, the fact that he had worked most
of his life and that he was a responsible family member.

3.   Finding that calculated guidelines were too low, the
Court varied upward and sentenced Monroe and Tyer each to a total
of 300 months, and Rogers to 240 months.

4.   On September 20, 2010, the Fourth Circuit Court of
Appeals vacated the defendant's sentences and remanded this case
for resentencing, having found that—

> The district court effectively engaged in no
> individualized assessment but instead simply
> incorporated the rationale used in sentencing Rogers
> into his rationales for sentencing Tyer and Monroe.
> Nor did the court address the arguments in support of
> the contention that certain § 3553(a) factors warranted
> the requested sentences.  This constitutes error.

*United States v. Monroe et al.*, 2010 WL 3721524 (C.A.4 (Va.)) at
9.  In particular with respect to Rogers' sentencing, the Court
of Appeals opined that the Court's rationale "describes the crime
spree as a whole, rather than Rogers' particular role within the
spree," noting that Rogers participated in only three of the four
robberies, that he remained in the car and that he did not strike

2

the victims. *Id.*  The Court of Appeals also based its conclusion that their was insufficient individualized assessment by the Court because it did not "address Rogers' argument that, in light of the § 3553(a) factors, he should be sentenced at the low end of his Guidelines range." *Id.*  Finally, the Court of Appeals also stated that "[o]n remand, the court should explain its calculation of Rogers' Guidelines range." *Id.* at 10, n. 2.

5.   In its opinion the Court of Appeals provided this court with the following guidance:

> Relying on Supreme Court guidance, we have held that for every sentence—whether above, below, or within the Guidelines range—a sentencing court must "place on the record an 'individualized assessment' based on the particular facts of the case before it." *United States v. Carter,* 564 F.3d 325, 330 (4th Cir. 2009)(quoting *Gall,* 552 U.S. at 50, 128 S.Ct. 586).  But we have also held that in explaining a sentencing decision, a court need not "robotically tick through § 3553(a)'s every subsection," particularly when imposing a within-Guidelines sentence. *United States v. Johnson,* 445 F.3d 339, 345 (4th Cir.2006). "[A] major departure [from the Guidelines] should be supported by a more significant justification than a minor one," *Gall,* 552 U.S. at 50, 128 S.Ct. 586, but an individualized explanation must accompany *every* sentence. *See United States v. Johnson,* 587 F.3d 625, 639 (4th Cir.2009); *Carter,* 564 F.3d at 330.

*United States v. Lynn*, 592 F.3d at 577, 581.

## Individualized Factors

5.   As the Court stated at sentencing there were four robberies over two nights using shotguns, one of which was a sawed-off shotgun and observed that, while only one victim was injured, it was just fortunate that all the victims weren't injured or someone killed.  With that as a background the Court

must consider the § 3553(a) factors applicable to each individual defendant as well as address the arguments made in behalf of each defendant.

6.   <u>Marshall Antonio Monroe</u>.  Of the factors in § 3553(a) affecting Monroe's sentence the most compelling is "the nature and circumstances of the offense."  In that connection, Monroe was a gun wielding participant in all four of the robberies, in which he was armed with a sawed-off shotgun.  In two of the three 7-Eleven robberies he leaped the counter to assault the victim, and in the third, he dragged the victim in through the front door and assaulted him in the store.

7.   Further with regard to the offense conduct, the jury found Monroe guilty of four counts of brandishing a firearm in violation of 18 U.S.C. § 924(c), on  which——had the Court not granted motions for judgments of acquittal as to all four of those counts pursuant to Rule 29, of the Federal Rules of Criminal Procedure as not being properly charged——Monroe would have been sentenced to a mandatory 82 years on those four counts alone rather than the 25 years to which the Court did sentence him.  Thus, the Court's sentence was less than 1/3rd that which Monroe's conduct deserved.

8.   As for the "history and characteristics of the defendant," while it is true that at the time of the offenses Monroe was 18 years old and may have had a difficult upbringing, those considerations are more than outweighed by the depravity of his conduct.  In every case the violence visited upon the victims

4

by Monroe was unnecessary to accomplish the robberies.
Obviously, Monroe committed these assaults not for gain but for
pleasure.

9.   As for the need to protect the public from Monroe, the
Presentence Report evidences why that factor is so important in
Monroe's case.  As noted therein, while in custody pending trial
in this case, he was indicted in Prince George's County,
Maryland, twice.  Once, for armed robbery and assault after the
victim positively identified him as one of two armed person who
robbed him while he was entering his car, and a second time for
robbery and assault after he was positively identified by a woman
who said he struck her twice in the face when robbing her.

10.   Finally, a sentence of 300 months is necessary to
reflect the seriousness of the offenses, to promote respect for
the law, and to provide just punishment for the offenses and to
deter Monroe and others who might be considering embarking on
this type of misadventure in the future.  Accordingly, the
government respectfully urges the Court to once again upwardly
vary and sentence Monroe to term of imprisonment of 300 months.

11.   James Edward Tyer.  As in the case of Monroe, of the
factors in § 3553(a) the most compelling is "the nature and
circumstances of the offense."  Like Monroe, Tyer was a gun
wielding participant in all three of the 7-Eleven robberies, in
which he was armed with a pistol grip shotgun, to which was
affixed an ammunition carrier containing shotgun shells.  Thus,
Tyer had the means to kill or maim the victims.  While he did not

5

personally assault any of the victims, his presence and participation in all four of the robberies gave cover and provided security for Monroe to do so.

11.   Further with regard to the offense conduct, as in the case of Monroe, the jury found Tyer guilty of four counts of brandishing a firearm in violation of 18 U.S.C. § 924(c), on which——had the Court not granted motions for judgments of acquittal as to all four of those counts pursuant to Rule 29, of the Federal Rules of Criminal Procedure as not being properly charged——Monroe would have been sentenced to a mandatory 82 years on those four counts alone rather than the 25 years to which the Court did sentence him.   Thus, the Court's sentence was less than 1/3rd that which Tyer's conduct deserved.

12.   As for the "history and characteristics of the defendant," we note that according to the Presentence Report——to which Tyer did not object——Tyer is a convicted felon, having been convicted at age 16 as an adult of armed robbery after being implicated in three armed street robberies and sentenced to 15 years.   Now, he has been convicted of four more armed robberies. If ever a lengthy term of imprisonment was necessary to protect the public, this is one such case.

13.   Finally, a sentence of 300 months is necessary to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses and to protect the public from further crimes of Tyer and to deter him and others from committing such conduct in the future.

Accordingly, the government respectfully urges the Court to upwardly vary and impose a sentence of 300 months imprisonment.

14.  <u>Christopher Rondell Rogers</u>.  As in the cases of Monroe and Tyer, of the factors in § 3553(a) the most compelling is "the nature and circumstances of the offense."  Like Monroe and Tyer Rogers participated in all three of the 7-Eleven robberies.  He was the getaway driver and provided one of the two shotguns used to commit the robberies, the pistol grip shotgun wielded by Tyer. Putting a shotgun with live rounds in the hands of a person who had previously been convicted of a series of armed robbery so that he could commit another series of armed robberies outweighs the fact that Rogers himself did not personally enter the stores or personally assault any of the victims.

15.  Further with regard to offense conduct, as the government noted in its original position with respect to sentencing of Rogers, having been found guilty by the jury of three armed Hobbs Act robberies and conspiracy to commit the same, his relevant conduct includes all reasonably foreseeable acts, in particular the use of the firearm that he provided to Tyer to commit the robberies, which would have amounted to at least 57 years imprisonment, rather than the 20 years to which he was sentenced.

16.  Finally, Rogers caused another person's involvement in the crime.  Nadia Childs was the owner of the car involved in the robberies.  Nadia Childs testified that she and Rogers were involved in an intimate relationship at the time of the first

7

three robberies.  Further, Childs testified that on the first night of the robberies she had never previously met Monroe or Tyer.  On the first night of the robberies, Rogers drove Childs's car to each of the three 7-Elevens.  Because of Rogers's introduction of Childs to Monroe and Tyer, she became the driver on the second night of the robberies.

17.  Accordingly, a sentence of 240 months is necessary to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses and to protect the public from further crimes of Rogers and to deter him and others from such conduct in the future.  The government respectfully urges the Court to upwardly vary and impose a sentence of 240 months imprisonment on Rogers.

Respectfully submitted,

Neil H. MacBride
United States Attorney


_____\s_____
Michael E. Rich
Assistant United States Attorney
VSB: 33808
Attorney for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3758
Fax: (703) 299-3982
mike.rich@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Paul P. Vangellow, Esq.
Babirak, Vangellow & Carr, P.C.
6109-C Arlington, Boulevard
Falls Church, Virginia 22044
Tel: (703) 241-0506
Fax: (703) 241-0886
paul.vangellow@verizon.net

Douglas A. Steinberg, Esq.
107 North Payne Street
Alexandria, Virginia 22314
Tel: (703) 683-5328
Fax: (703) 684-1482
dasteinberg@verizon.net

Bruce A. Johnson, Jr., Esq.
4301 Northview Drive
Bowie, Maryland  20716
Tel: (301) 860-1505
Fax: (301) 860-1508
bajjlaw@aol.com

                                    \s\
                          Michael E. Rich
                          Assistant United States Attorney
                          VSB: 33808
                          Attorney for the United States
                          United States Attorney's Office
                          2100 Jamieson Avenue
                          Alexandria, Virginia 22314
                          Tel: (703) 299-3758
                          Fax: (703) 299-3982
                          mike.rich@usdoj.gov