

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MARSHALL MONROE, )<br>)<br>Petitioner, )<br>V. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | Criminal Case No. 1:08CR43<br>Civil Action No. 1:12CV753 |

MEMORANDUM OPINION

This case comes before the Court on Marshall Monroe's ("the Petitioner") Motion To Vacate, Set Aside and/Or Correct His Sentence Pursuant to Title 28, U.S.C. Section 2255.

On April 16, 2008, a jury convicted the Petitioner of Hobbs Act Conspiracy to Commit Armed Robbery, four counts of Hobbs Act Armed Robbery, two counts of Felon in Possession of a Firearm, and Possession of an Unregistered Firearm. At sentencing, the Court properly calculated the Sentencing Guidelines range of 78 to 97 months, but found that an upward departure was appropriate and imposed 300 months of imprisonment. On direct appeal, the Fourth Circuit found that the Court had failed to make a sufficiently individualized determination at sentencing and remanded for re-sentencing.

The Petitioner was re-sentenced on December 10, 2010, and the Court again imposed a total of three hundred (300) months of imprisonment. His appeal of that sentence was denied by the Fourth Circuit on September 8, 2011, in an unpublished *per curiam* opinion. 445 Fed.Appx. 644, 2011 WL 3930412 (C.A.4 (Va.)). In reaching that conclusion, the Court of Appeals noted:

> Both Monroe and Rogers argue that the district court inadequately justified the upward variances and failed to mention § 3553(a) when imposing sentence. Separately, Monroe contends that his sentence was not supported by a sufficiently extensive individualized assessment. We reject these arguments.
>
> In Monroe's case, the court found that an upward variance was warranted for several reasons. First, Monroe committed four robberies—two of which involved assaults on the victims—in a short period of time. The court also stated that Monroe's crimes exhibited "depravity and viciousness." These factors, as well as the need to protect the public and to deter further criminal behavior, outweighed the fact that Monroe was "relatively young" and had experienced a difficult childhood. It is irrelevant that the court did not specifically refer to § 3553(a) because the court considered several pertinent § 3553(a) factors when imposing sentence. We conclude that the court, contrary to Monroe's argument, sufficiently explained the variance and made an adequate individualized assessment under Gall and Carter.

Id. at 645.

The Petitioner now claims that his trial defense counsel, Paul Vangellow, Esquire, rendered ineffective assistance at his resentencing in two respects, that he failed to properly present facts presented to him to argue the Government's claim of a §3553

2

enhancement, and he failed to properly advise the Petitioner about a plea. Petitioner Monroe further claims that his sentence imposed was in violation of the Eighth Amendment, and the sentence enhancement imposed violated his Due Process rights.

Review of a conviction under Section 2255 is limited: "To be entitled to relief under § 2255, a prisoner must demonstrate either a lack of jurisdiction by the convicting court, a constitutional error, or a legal error so grave as to be a 'fundamental defect which inherently results in a complete miscarriage of justice.' It is only these 'fundamental' or constitutional errors that a court may consider on collateral review." Ebersole v. United States, 2007 WL 750198, *4 (E.D.Va. March 6, 2007) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)).

In Strickland v. Washington, 466 U.S. 668, 687-88 (1984) the Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel: The first prong of the Strickland test addresses a counsel's professional competence. In that regard, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. To meet this element, a defendant must demonstrate that, in light of all the circumstances as they appeared at the time of the conduct, "counsel's representations fell below an objective standard of reasonableness," i.e., "prevailing professional norms." Id.

3

When a reviewing court makes this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689-90. Accord United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004); Matthews v. Evatt, 105 F.3d 907, 919 (4th Cir. 1997). In assessing whether a defendant has overcome this presumption, "the analysis of counsel's performance typically must be comprehensive; i.e., not narrowly limited to a review of counsel's failings." See Strickland, 466 U.S. at 689. The Supreme Court has cautioned that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." Id. The Court noted in particular that the reasonableness of a counsel's actions often depend on "informed strategic choices made by the defendant and on information supplied by the defendant." Id. at 691. The Constitution, in short, requires reasonably effective assistance under the circumstances, and not hypothetical perfection. See White v. Singletary, 972 F.2d 1218, 1220 (11th Cir. 1992) (stating that the test is not what the best lawyers would have done or what most good lawyers would have done, but only whether some reasonable attorney could have acted in the circumstances as this attorney did). It must be remembered that a "[defendant] is entitled to a fair trial, but not a perfect one, for there are no perfect trials." See McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 553 (1984).

To satisfy the second prong of the Strickland test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." See Strickland, 466 U.S. at 694. In other words, a defendant must affirmatively prove prejudice that is so serious as to have deprived him of a fair trial, a trial whose result is unreliable. See Strickland, 466 U.S. at 687, 693. The Fourth Circuit has labeled these two elements of the Strickland test as the "performance prong" and the "prejudice prong." See Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Strickland, 466 U.S. at 700. Because "[t]he defendant bears the burden of proving Strickland prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." See Fields, 956 F.2d at 1297. Accord Strickland, 466 U.S. at 697; Terry, 366 F.3d at 315; and Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983).

The Petitioner cannot show either that: (1) counsel's performance was deficient under the "highly deferential" standard; or (2) those deficiencies prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 689-92 (1984) (setting forth

"performance" and "prejudice" prongs of ineffective assistance inquiry). In examining counsel's performance, the Court's scrutiny "must be highly deferential." Id. at 689. The outer boundary of effective assistance is "reasonable professional judgment," so the Court applies a strong presumption that counsel delivered adequate assistance. Id. at 689-90. A defendant must also show that a different result would have occurred but for his attorney's errors. Id. at 691-92. This requires a showing that but for the defense attorney's errors, there is a reasonable probability that the outcome of the trial would have been different, or in sentencing, that the defendant's sentence would have been different. Id. at 694; see also Lafler v. Cooper, 132 S. Ct. 1376, 1386 (2012). The Court may dispose of defendant's claim on one prong of the Strickland test without ruling on the other. Strickland, 466 U.S. at 697.

Underpinning the first, third and fourth of his claims is the Petitioner's assertion that the Court improperly used factors "that the guidelines already took into account" in applying enhancements pursuant to 18 U.S.C. § 3553(a). The problem with Petitioner's argument is that he confuses upward departures pursuant to the United States Sentencing Guidelines with enhancements pursuant to 18 U.S.C. § 3553(a). Thus, United States v. Wolfe, 435 F.3d 1289 (10th Cir. 2006), which addresses only double counting under the Guidelines, is irrelevant, and trial defense counsel's alleged failure to cite

it in defendants resentencing can in no way be considered ineffective. Likewise, Wolfe provides no basis for a conclusion that Petitioner's sentence violated the Eighth Amendment.

The same holds true for the cases cited by the Petitioner in his claim that his sentence violated his right to Due Process. Thus, the remaining cases cited by the Petitioner, United States v. Nuno-Perez, 877 F.2d 1409 (9th Cir. 1989)(upward departure based on factors already accounted for in Guidelines); United States v. Hernandez-Vasquez, 884 F.2d 1314 (9th Cir. 1989)(same); United States v. Hoyungowa, 930 F.2d 744 (9th Cir. 1991)(same); United States v. Carrion-Cruz, 92 F.3d 5 (1st Cir. 1996)(same); United States v. Barber, 119 F.3d 276 (4th Cir. 1997)(same); United States v. Singleton, 917 F.2d 411 (9th Cir. 1990)(upward departure based on criminal history); United States v. Carillo-Alvarez, 3 F.3d 316 (9th Cir. 1993)(same); United States v. Terry, 142 F.3d 702 (4th Cir. 1998)(extent of upward departure not sufficiently justified) are all Guidelines cases.

On the other hand United States v. Lente, 647 F.3d 1021 (10th Cir. 2011), cited by the Petitioner, is a § 3553(a) case, but it did not address the Petitioner's argument. Rather, it held that the district court committed procedural error by failing to address certain of the defendant's sentencing arguments. And neither does United States v. Gordon, 231 F.3d 750 (11th Cir. 2000), also

7

cited by Petitioner, which addresses the district court's finding of a role in the offense adjustment.

The sentencing courts responsibilities since <u>Booker</u> were explained in <u>Gall v. United States</u>, 552 U.S. 38, 49-50 (2007), as follows:

> As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. [] In so doing, he may not presume that the Guidelines range is reasonable. <u>See</u> <u>Rita v. United States</u>, 551 U.S. 338, 2007. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. <u>Id.</u>, at 338.

As noted above, the Court of Appeals found that the Court properly discharged its responsibilities in applying the § 3553(a) factors and arriving at the sentence it imposed on the Petitioner.

The Petitioner's remaining complaint is that his trial defense counsel was ineffective in failing to properly advise him concerning a plea. Contrary to the facts of <u>Missouri v. Frye</u>, ___ U.S. ___, 132

8

S.Ct. 1399 (2012), cited by defendant, no formal plea offer was made to his counsel by the government. However, it was made clear to all three defendants' counsel, that any plea offer would require that each of them plead to at least two of the four counts charged in Counts 6 through 9 of the Indictment, charging violations of 18 U.S.C. § 924(c)(1)(a)(ii). Had that offer been made, and had the Petitioner accepted it, he would have been sentenced to a mandatory 32 years imprisonment, instead of the 25 years that the court did impose.

Whether trial defense counsel should have advised the Petitioner to negotiate a plea with the Government is a matter fully within the parameters of the first prong of Strickland, and, given the eventual sentence the Petitioner received, totally lacking in the test of prejudice.

The Petitioner is not entitled to an evidentiary hearing since he has not "allege[d] . . . facts that, if true, would entitle[] him to relief. . . ." Walker v. True, 399 F.3d 315, 327 (4th Cir. 2005).

For the foregoing reasons, the Petitioner's Motion should be denied.

An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
~~December , 2012~~
Jan 10, 2013

9